**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5052-17T1

S.R.,

     Plaintiff-Respondent,

v.

S.N. and D.N.,

     Defendants-Appellants.

_____

              Submitted January 16, 2019 – Decided September 24, 2019

              Before Judges Fuentes and Vernoia.

              On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-2745-18.

              Weinberger Divorce & Family Law Group, LLC, attorneys for appellants (Jessica Ragno Sprague, on the brief).

              Respondent has not filed a brief.

    The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendants S.N. and D.N. are the parents of a six-year-old girl, whom we will refer to as "Annie."[1] Defendants appeal from an order entered by the Family Part granting plaintiff S.R., the child's maternal grandmother, visitation rights to the child over defendants' objection pursuant to N.J.S.A. 9:2-7.1. Plaintiff did not file a brief in opposition to this appeal. After reviewing the record developed before the Family Part and mindful of prevailing legal standards, we reverse.

On March 28, 2018, plaintiff filed a verified pro se complaint[2] in the Family Part seeking a court order compelling defendants to permit her to visit Annie. Plaintiff alleged the following basis for this relief:

> Mother [plaintiff's daughter] doesn't answer the phone, and after child . . . birthday [sic] she does not allow any contact or visitation. We seek visitation so we can see her and have only grandson also visit and play with her.
>
> Mainly we would like to be able to see the child . . . spend time with her at our home, have my grandson continue to grow with his cousin, we want to make sure she has her family with her and that we will never abandon her.

---

[1] We will refer to the parties using their initials and use a pseudonym to refer to the child to protect their privacy. R. 1:38-3(d).

[2] Plaintiff used the standard pro se pleading approved by the Administrative Director of the Courts for non-dissolution actions. See R.K. v. D.L., 434 N.J. Super. 113, 130-135 (App. Div. 2014).

A-5052-17T1

In the part of this standardized pleading denoted "Additional Information Sheet," plaintiff described a number of disagreements she had with her daughter. Plaintiff claimed her daughter twice "blocked the family" from having any contacts with her and her husband, plaintiff's son-in-law. All of these alleged incidents occurred before Annie was born. Plaintiff also wrote that she wanted to be involved in the life of her granddaughter and believed any disagreements or problems she may have with her daughter should not affect her relationship with her granddaughter.

Defendants have been married for sixteen years, and Annie is their only child. They retained counsel to represent them in this litigation and filed a responsive pleading that included a motion to dismiss plaintiff's visitation petition. Defendants alleged "the parties have long had a strained relationship" and plaintiff has had only "sporadic" contacts with Annie during the first three years of the child's life. Defendants also characterized plaintiff's relationship with Annie during the last two years as "superficial." According to defendants, they have not spoken to plaintiff since S.N.'s maternal grandfather died on November 19, 2017. Defendants alleged that plaintiff had "an altercation" with D.N. and nearly assaulted him.

A-5052-17T1

Defendants believe plaintiff is not "emotionally stable" and is "unsuitable for a relationship with their daughter." They claim plaintiff "invaded" their house on Annie's birthday without their consent and disrupted the gathering by "stating she will pick up [Annie] whether [d]efendants allow it or not[.]" Defendants also decided it was in Annie's best interest "not to observe her grandmother's aggressive, unstable, and promiscuous behavior, and to be exposed to the many men who come in and out of her life."

The matter came before the Family Part on June 28, 2018. Plaintiff appeared pro se. The record shows the judge interacted with those present in the courtroom in a conversational manner; the judge did not swear in the parties or any other person who came before him and offered facts for the court's consideration. The judge also permitted the child's maternal uncle to address the court, without being sworn and despite the fact that his familial status vis-a-vis the child does not afford him a right to visitation under N.J.S.A. 9:2-7.1.

At the conclusion of this free flowing exchange, the judge stated that pursuant to N.J.S.A. 9:2-7.1, a sibling or grandparent may seek visitation "notwithstanding the objection of the child's parents, which is the case here." The judge then referred to a number of cases, which in his view have construed the statute as providing "only the right to petition for an order of visitation. It

does not provide a right to visitation." He also noted that plaintiff must prove "by a preponderance of the evidence that the granting of visitation is in the best interests of the child." The judge then mentioned the eight statutory factors a court must consider to determine whether to grant a petition for visitation, N.J.S.A. 9:2-7.1(b), and held:

> Based upon testimony I have heard here, the only way possible that I can make a final determination - - at this point in time, it's clear that the facts weigh in favor of [defendants]. There's no question about that. There's also some information which was developed particularly by the uncle that leads me to believe that there is some hope here.
>
> What I think we should do is for a short period of time, allow for a visitation while in the company of the father - - of the uncle, and the grandmother. And it'll be one day a week of every two weeks.

Before we address the issues raised by defendants in this appeal, we are compelled to comment on the informality and general lack of decorum that permeated the proceedings in the Family Part. The Supreme Court recently reaffirmed that "'[t]rial judges are given wide discretion in exercising control over their courtrooms' and have 'the ultimate responsibility of conducting adjudicative proceedings in a manner that complies with required formality in the taking of evidence and the rendering of findings.'" New Jersey Div. of Child

5

Prot. & Permanency v. A.B., 231 N.J. 354, 366 (2017) (quoting Div. of Youth & Family Servs. v. J.Y., 352 N.J. Super. 245, 264 (App. Div. 2002)).

Thus, there are certain rudimentary principles that must be followed in all judicial proceedings.

> [A] judge's determination . . . must be based on competent reliable evidence. The judge must articulate, with particularity, the facts upon which a determination . . . is made. These factual findings must be supported by evidence admitted during the hearing, which shall be held on the record. All documentary exhibits considered by the court must be clearly identified for appellate review. Testimonial evidence must be presented through witnesses who are under oath, and subject to cross-examination.
>
> [J.Y., 352 N.J. Super. at 265 (internal citations omitted)]

The judicial proceedings that resulted in the order under appeal here lacked all of these essential attributes. This renders the court's ruling impervious to meaningful appellate review. Furthermore, despite these procedural defects, the record reveals the judge did not adjudicate this petition consistent with the standards our Supreme Court established in Moriarty v. Bradt, 177 N.J. 84 (2003), and recently reaffirmed in Major v. Maguire, 224 N.J. 1, 6 (2016). As Justice Patterson noted in Major, "in order to overcome the presumption of parental autonomy in the raising of children, grandparents who bring visitation

6

actions under N.J.S.A. 9:2-7.1 must prove by a preponderance of the evidence that denial of visitation will harm the child."  224 N.J. at 7.  Here, the judge's decision to grant visitation to plaintiff was not supported by competent evidence and did not contain any findings that preventing visitation with the grandmother would harm the child or that such contacts were in the child's best interest.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5052-17T1